IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THOMAS AINGER and ELIZABETH A. KLEISCH, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREAT AMERICAN ASSURANCE COMPANY, SIWELL, INC., AMERICAN FINANCIAL GROUP, and DOES 1-9, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-cv-00005 <br> ) <br> ) [Formerly V.I. Super. Ct. STX-19-cv-471] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION OF DEFENDANT SIWELL FOR A STAY OF DISCOVERY
PENDING A RULING ON MOTIONS BY ALL DEFENDANTS
TO DISMISS THE FIRST AMENDED COMPLAINT**

The Defendant Siwell, Inc. d/b/a Capital Mortgage ("Siwell"), herewith moves this Court to stay all discovery pending a ruling on the motions filed by all three Defendants to dismiss the First Amended Complaint ("FAC"). Such a stay would avoid the waste of resources that would occur if those motions are ultimately granted *after* the parties have consumed significant resources on discovery. Defendant Great American Assurance Company ("Great American") has moved for a stay of discovery, and the same relief should be granted to Siwell.[1]

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Although plaintiffs have attempted to hide the ball and obscure what this case involves, this case involves a force-placed property insurance policy bound by Siwell, the mortgage lender to Plaintiffs, when the Plaintiffs failed to bind their own coverage. The terms of the underlying

---

[1] By Order entered on May 6, 2022 as Docket Entry ("D.E") 61, the Court noted that the parties should have followed the LRCi 37.1 process but exercised its discretion to waive compliance, and set those pending motions for hearing. Siwell respectfully requests that it be granted a similar waiver and that is motion also be heard the same time.

Mortgage[2] make it clear that this policy was bound solely for the benefit of Siwell as lender, to protect its interest should Plaintiffs fail to repay the loan it secured.[3] When the mortgaged property was damaged in Hurricane Maria, Great American's adjusters assessed the loss and paid the proceeds due under this force-placed insurance policy to the insured, the lender, Siwell.

Although they were strangers to the insurance policy issued to Siwell by Great American, Plaintiffs apparently were dissatisfied with the adjustment process conducted by Great American, and filed the original Complaint in this matter in the Superior Court of the Virgin Islands on or about September 19, 2019. By Notice of Removal dated January 27, 2020 [D.E. 1], Great American removed the action to this court. On February 19, 2020, Great American, at that time the only named defendant, filed a Motion to Dismiss all claims asserted by Plaintiffs. Rather than responding to this motion with an opposition, and in an implicit acknowledgment that the motion had merit, Plaintiffs elected to amend their complaint in an effort to cure the defects. Although plaintiffs made some minor changes to the allegations, the principal change was to add Siwell and the putative parent corporation of Great American, American Financial Group, as parties.

Like its predecessor Complaint, the FAC makes allegations that are aimed almost exclusively at Great American. Plaintiffs claim that they were the third party beneficiaries of property insurance coverage pursuant to "Master Policy Number 4091391, Certificate Number GRH0071429," issued by Great American. This alleged property and casualty insurance policy (the "Policy") was not attached to the Complaint. In the FAC, Plaintiffs amended paragraph 6 to

---

[2] The recorded Mortgage was filed by Great American in this matter as D.E. 29-1 on October 5, 2020. If there was a need for further authentication, it was authenticated by Declaration of Craig Zahn 53-1 filed on December 21, 2020.
[3] See Reply at 6-8.

allege that, although issued by Great American, the Policy was somehow provided "through the Defendant Siwell."

At no point in the FAC do plaintiffs explain their relationship with Siwell in any way. They do not allege that they and Siwell are parties to a mortgage of real property in the U.S. Virgin Islands, much less attach a mortgage, identify any property subject to a mortgage, allege that the mortgaged property is the subject of their claims, or even use the word "mortgage" except in one stray and unexplained reference to "mortgage payments."[4] The FAC does not explain how the Policy was allegedly provided "through" Siwell. It does not use the expression "force-place," explain how the Policy came to be bound, or what role or duties Siwell had in binding insurance coverage, or how it might have breached those duties.

Furthermore, as Siwell pointed on in its Reply [D.E. 53, filed December 21, 2020] to Plaintiffs' Opposition to Motion to Dismiss, a review of Section 10 of the Mortgage, captioned "Mortgage Insurance" shows why Plaintiffs refuse to be specific. They cannot state a claim that is not contradicted by the express terms of the provisions of the Mortgage from which any rights they have against Siwell derive. This makes it clear that the force-placed insurance policy at issue is solely for the benefit of the lender, Siwell.[5]

Instead, Plaintiffs' claims appear to arise principally out of the claims adjustment process conducted by Great American. Without any specifics as to dates, times or the individuals involved, Plaintiffs allege that "Great American [the FAC adds 'and Siwell'] failed to timely respond to the Plaintiffs and failed to send a qualified adjuster to investigate and inspect the

---

[4] FAC ¶ 22.
[5] *See, e.g.,* Mortgage at 7: "Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance."

damage and losses covered by the insurance at issue herein."[6] In a similar vein, Plaintiffs allege that Great American, and somehow also Siwell, "refused to undertake a complete inspection and assessment of the losses and damage."[7] Somewhat redundantly, this paragraph goes on to allege a failure "to adequately and timely determine the full nature, scope, and extent of the damage and losses to the Plaintiffs resulting from Hurricane Maria."[8]

In a subsequent paragraph alleging Great American's failure to "timely assess or adjust the losses," the FAC throws in, "Siwell took no action to require the claim to be adjusted."[9] There is no reference to any document, agreement, or other source of obligation that might require Siwell to initiate, direct, or control the adjustment process. On the issue of adjustment of losses, the FAC adds two new sentences aimed at Siwell.

> 14. Siwell failed to require a prompt adjustment and failed to protect Plaintiff and make sure Plaintiff was adequately paid.
> 15. Upon information Siwell simply took what was offered by the insurance company and did not advise (sic) Plaintiffs of the offer or amounts or to have any input in the same.

These allegations are devoid of any detail regarding what document or other source of legal obligation required Siwell to take action to protect the Plaintiff, and what the parameters of that obligation are. The FAC implies there was a claims adjustment process, because it alleges that Great American did not bring in its adjusters after Hurricane Maria "in significant enough numbers or to pay them to be brought to St. Croix in a timely manner."[10] It also implies that their losses were assessed by Great American's adjusters, and that Great American made a payment for those losses, but provides no details. It alleges that Siwell "simply took what was

---

[6] FAC ¶ 8.
[7] *Id.*
[8] *Id.*
[9] FAC ¶ 10.
[10] FAC ¶ 13.

offered" by Great American, but provides none of the details that would lend plausibility to their claim.

In addition to its complaints about the adjustment process, Plaintiffs also add a single paragraph alleging conspiracy to charge inflated insurance premiums:

> Indeed, on information and belief, the Defendant Great American in conspiracy with Siwell who received large commission on such placement, charged exorbitant rates to the Plaintiffs and other customers who had no way of refusing the charges.  These premium rates or charges were not arrived at on a competitive basis and were well in excess of those that could have been obtained in the open market (e.g. in other parts of the United States).[11]

Plaintiffs provide no details about when, where, and how Siwell and Great American entered into the alleged agreement constituting the conspiracy to charge high rates.  The FAC, notably, does not allege that Great American charged rates that were higher than those approved by the Lieutenant Governor of the U.S. Virgin Islands in his capacity as Insurance Commissioner.  It does not explain how providers that operate in "other parts of the United States," but are not admitted to provide insurance in the U.S. Virgin Islands, could have provided insurance on more favorable terms.

In short, Plaintiffs' FAC is a collection of vague and conclusory statements not supported by logic or any factual detail.   As such, the FAC is precisely the sort of pleading that is routinely dismissed for failure to comply with the plausibility standards established in the *Twombly-Iqbal* series of cases.[12]   For this reason, Siwell filed its Motion to Dismiss on October 23, 2020 (D.E. 32].    Plaintiffs did not respond by seeking to amend their FAC but instead stood on their pleadings and filed an Opposition [D.E. 48] on November 30, 2020.   Siwell filed its Reply on

---

[11] *Id.* ¶ 18.
[12] *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and the cases cited in Siwell's Memorandum in Support of its Motion to Dismiss, D.E. 31 filed on October 9, 2020.

December 21, 2020 [D.E. 53]. This motion remains pending, as do the Motions to Dismiss filed by both co-defendants, Defendant Great American Assurance Co. on October 5, 2020 [D.E. 28] and Defendant American Financial Group on October 9, 2020 [D.E. 30].

In March of 2022, although those dispositive motions remained pending and unresolved, and no Rule 16 Order had been issued by the Magistrate instructing the parties to propose a discovery plan and attend a Rule 16 conference, Plaintiffs demanded that discovery proceed. When the defendants did not agree, Plaintiffs filed a Motion to Enter Scheduling Order on April 28, 2022 [D.E. 55]. Great American then filed, on May 3, 2022, its Motion For a Stay of Discovery Pending a Ruling on Motions By All Defendants to Dismiss the First Amended Complaint [D.E. 57, the "Great American Motion"]. To avoid the waste of resources that will likely occur if discovery proceeds and the various motions to dismiss are granted, Siwell similarly moves for a stay of discovery pending a ruling on these motions.

## Argument

**I.    The Court Has Discretionary Authority to Issue an Order Staying Discovery.**

It is beyond question that this Court has complete discretion, for good cause shown in appropriate circumstances, to issue an order staying discovery so as to avoid undue burden or expense. Under Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This discretion extends to staying discovery pending the resolution of a motion to dismiss. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001), *as amended* (Oct. 10, 2001); *see also Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("[I]t may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). Such a protective order staying all discovery can be an "eminently logical

means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quotation omitted). The pendency of a well-founded dispositive motion can constitute good cause for issuing such an order. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, *supra*; *see also Mann v. Brenner*, *supra*.

Courts generally weigh several factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.[13]

A stay is particularly appropriate (1) "where, if [a pending] motion is granted, discovery would be futile," *Mann v. Brenner, supra,* 375 F. App'x at 239, or (2) where the defendant's burden to engage in possibly needless discovery outweighs the plaintiff's interest in avoiding delay of his claims. *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). Indeed, Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Dabney v. Maddock*, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011) (report and recommendation adopted) (citing Fed.R.Civ.P. 26(c)).

Of course, L.R.Ci. 26.6 clarifies black letter law that discovery is not <u>automatically</u> stayed upon the filing of a Rule 12(b)(6) motion to dismiss. However, neither does this rule

---

[13] *Vitalis v. Crowley Caribbean Services, LLC,* 120CV00020WALGWC, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021).

state that discovery should go forward in all circumstances despite the pendency of meritorious motions to dismiss. The existence of this rule merely reinforces the ability of the Court to grant a stay upon a proper showing that permitting discovery to go forward "will work a clearly defined and serious injury to the party seeking [protection]. *McNamara v. Hess Corp.* 2021 WL 4204335, at *2 (D.V.I. Sept. 15, 2021).[14]

## II. An Order Staying Discovery, Pending a Ruling on the Motion to Dismiss, is Warranted I\in This Case.

With the above legal standards in mind, Siwell moves the Court to stay discovery <u>until</u> the Court rules on the pending Motions to Dismiss. First, a stay would not unduly prejudice or present a clear tactical disadvantage to the Plaintiffs. There is no indication that a delay in discovery would prejudice the ability of Plaintiffs to develop their case against any defendant. Indeed, Plaintiffs have been unable to formulate a clear statement of exactly what their claim is against their mortgage lender, Siwell. There is no reason to believe that discovery would assist them in formulating their claim or that delaying discovery until there is a ruling would place them at any tactical disadvantage.

Second, allowing discovery to proceed would create a clear case of hardship or inequity for Siwell. Siwell was added to this case as an afterthought, without any clear or plausible theory of liability that is not contradicted by the express terms of the Mortgage. Plaintiffs allegations make it clear that they intend to engage in a wide-ranging investigation of Siwell's business practices. Siwell will be forced to object to these requests, resulting in expensive and

---

[14] To similar effect is the authority cited by Great American in the Great American Motion, at 3-4: *Fouad v. Milton Hershey Sch. & Sch. Trust,* Civil No. 1:19-CV-00253, 2020 WL 8225445 at *4, 2020 U.S. Dist. LEXIS 251444 at *11 (M.D. Pa. 2020) (citing *Harman v. Datte*, 427 F. App'x. 240 (3d Cir. 2011)) (a stay of discovery pending resolution of a motion to dismiss may be appropriate where "discovery would be futile" if the motion to dismiss were granted. *Id*. at *4–5, 2020 U.S. Dist. LEXIS 251444 at *11-12 (citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010)).

contentious motion practice that would be wasted effort if Siwell is dismissed as a defendant from this case. A stay of discovery would avoid this hardship and inequity.

Third, a stay would simplify the issues. If any of the three pending motions to dismiss is granted, then the case would be simplified and the issues narrowed. Denying a stay could result in the pursuit of lines of discovery into claims and against defendants that would later become moot upon the dismissal of those claims and/or defendants.

WHEREFORE, for the foregoing reasons, Siwell respectfully requests that the Court enter the attached Order granting the following relief:

    A.    Staying all discovery in this case pending further ruling of the Court; and

    B.    For such other relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated: May 10, 2022

*/s/ J. Daryl Dodson*
J. Daryl Dodson, Esq.
MOORE, DODSON & RUSSELL, P.C.
V.I. Bar No. 241
5035 Norre Gade, Suite 201
P.O. Box 310
St. Thomas, V.I. 00804
Tel: (340) 777-5490 ext 224
Fax: (340) 777-5498
Email: daryl@mdrvi.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2022, that a true and exact copy of the foregoing Motion to Stay was electronically filed with the CM/ECF system, which will send an electronic copy to all counsel of record.

*/s/ J. Daryl Dodson, Esq.*