| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

**THOMAS AINGER and
ELIZABETH A. KLIESCH,**

               **Plaintiffs,**

    **v.**

**GREAT AMERICAN ASSURANCE
COMPANY, SIWELL, INC., AMERICAN
FINANCIAL GROUP, and DOES 1-9,**

               **Defendants.**

                                               **1:20-cv-00005-WAL-EAH**

**TO:**    **Lee J. Rohn, Esq.**
            *On behalf of Plaintiffs*
       **Carol Ann Rich, Esq.**
            *On behalf of Great American Assurance Co.*
       **J. Daryl Dodson, Esq.**
            *On behalf of Siwell, Inc.*
       **Richard H. Dollison, Esq.**
            *On behalf of American Financial Group, Inc.*

<u>**ORDER GRANTING MOTIONS FOR A STAY OF DISCOVERY**</u>

**THIS MATTER** comes before the Court on the motions by (1) Defendant Great

American Assurance Company ("Great American") for Stay of Discovery Pending a Ruling on

Motions by All Defendants to Dismiss the First Amended Complaint (Dkt. No. 57); (2)

Defendant American Financial Group, Inc. ("AFG") to Stay Discovery (Dkt. No. 60); and (3)

Defendant Siwell. Inc. for a Stay of Discovery Pending a Ruling on Motions by All Defendants

to Dismiss the First Amended Complaint (Dkt. No. 67).  Plaintiffs opposed the three motions

(Dkt. Nos. 72, 73, and 74), and AFG and Siwell filed replies (Dkt. Nos. 76 and 77).  The Court

ordered simultaneous supplemental briefing on the issue of the authority of the magistrate

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 2

judge to assess the merits of a dispositive motion within his assessment of a motion to stay discovery.  Dkt. No. 84.  The parties filed supplemental briefs.  Dkt. Nos. 85 (Great American); 86 (AFG); 87 (Siwell); 88 (Plaintiffs).  For the reasons that follow, the Court will grant the motions to stay discovery.

## BACKGROUND

In September 2019, Plaintiffs Thomas A. Ainger and Elizabeth A. Kliesch filed a complaint in Virgin Islands Superior Court against Great American and John Does 1-10, alleging that Great American had issued an insurance policy covering risk of hurricane damage to their properties on St. Croix; the policy was in effect during Hurricane Maria in 2017; but Great American failed to timely respond to their claims resulting in their inability to make needed repairs, causing them damages.  Dkt. No. 1-1.

In January 2020, Great American removed the complaint to federal court.  Dkt. No. 1. In February 2020, it filed a motion to dismiss for failure to state a claim, arguing that the contract underlying the insurance policy was a forced-place mortgage insurance policy issued by Great American to Siwell d/b/a Capital Mortgage, the mortgagee of the properties; Plaintiffs were not parties to the insurance policy nor were they intended third-party beneficiaries; and, as strangers to the policy, they could not state claims under it.  Dkt. No. 5.

Plaintiffs filed a First Amended Complaint ("FAC") in July 2020 against Great American, and named AFG and Siwell as Defendants, asserting ten causes of action.[1]  Dkt. No.

---

[1] Count I: breach of express and implied contract; Count II: estoppel; Count III: negligence; Count IV:

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 3

12-1.  Plaintiffs alleged that Great American issued and provided insurance coverage—Master Policy Number 4091391—in connection with their properties "through the Defendant Siwell," *id.* ¶ 6; Plaintiffs paid premiums for such coverage "and at the very least were third-party beneficiaries of such insurance," *id.* ¶ 7; and all losses to their properties were covered losses, *id.*  Great American and Siwell "failed to timely respond to the Plaintiffs and failed to send a qualified adjuster to investigate and inspect the damage and losses" thereby failing to adequately and timely determine the full scope of their losses, *id.* ¶ 8. Plaintiffs were forced to engage a public adjuster, *id.* ¶ 10; and they were unable to make needed repairs and lost income, *id.* ¶ 11. Siwell failed to ensure that Plaintiffs were adequately paid; rather, "upon information," Siwell took what was offered by the insurance company and did not advise Plaintiffs of the offer or amounts. *Id.* ¶¶ 14, 15.  Great American, in conspiracy with Siwell, charged rates to Plaintiffs and others in excess of rates that could have been obtained on the open market. *Id.* ¶ 18. As to AFG, Plaintiffs alleged that, upon information and belief: Great American was wholly owned by AFG; the employees, officers, and directors of AFG had reason to know that Plaintiffs were being damaged by the misconduct alleged and interfered with Plaintiffs' rights and reasonable expectations under the policy. *Id.* ¶¶ 5, 20, 51.

---

fraud; Count V: breach of fiduciary duties; Count VI: breach of implied covenant of good faith and fair dealing; Count VII: unjust enrichment; Count VIII: tortious interference with business relationship; Count IX: conversion; Count X: intentional or negligent infliction of emotional distress.

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 4

In response, Great American, AFG, and Siwell filed motions to dismiss for failure to state a claim.  Dkt. Nos. 28, 29 (Great American); Dkt. Nos. 30, 31 (AFG); Dkt. Nos. 32, 35 (Siwell).  Great American attached copies of, inter alia, the Master Insurance Policy at issue between it and Siwell (including the cover letter and declaration page) and the mortgage between Plaintiffs and Siwell; it asserted that these documents were central to Plaintiffs' claims and were public documents, and thus could be considered on a motion to dismiss. Dkt. Nos. 29-1, 29-2. Great American argued that the claims against it were premised on the existence of a contractual relationship between Plaintiffs and Great American, reliance on representations allegedly made by Great American to Plaintiffs regarding the insurance contract, or monies Plaintiffs allegedly paid to Great American in premiums. The policy identified the named insured as Siwell, Inc. d/b/a Capital Mortgage Services of Texas, and explicitly provided that Siwell (not Plaintiffs), had rights under the policy, whose interests were covered against loss or damage to the mortgaged property. Since Plaintiffs were not parties to the contract or third-party beneficiaries, they did not have standing to bring claims under the policy, requiring dismissal of the claims asserted against it. Dkt. No. 29.

AFG argued that the only claim asserted against it was tortious interference with a business relationship. Not only did the FAC contain a conclusory allegation that AFG interfered with Great American's business relationship with Plaintiffs, but there was no such business relationship with which it could interfere as the insurance policy was between Great American and Siwell.  In addition, AFG was named as a defendant because it owned

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 5

American General; case law provided that mere ownership was insufficient to find it liable;

the only way was to pierce the corporate veil and Plaintiffs provided no allegations

whatsoever in that regard.  Dkt. No. 31.

Siwell contended that Plaintiffs alleged that the insurance policy, issued by Great

American, was provided "through Siwell," but did not offer any facts to explain what that

meant. Dkt. No. 32-1. Nor did Plaintiffs otherwise explain their relationship with Siwell in

the FAC, i.e., that they were parties to a mortgage with Siwell, that the insurance policy at

issue was a forced-place policy, or how that policy came to be bound.  While Plaintiffs alleged

that Siwell failed to send qualified adjusters to inspect the damage and took what was offered

by the insurance company, they did not allege the source of any legal obligations Siwell had

to protect Plaintiffs or the parameters of those obligations. As such, the FAC could not survive

a motion to dismiss under the plausibility standard set forth in *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Id.*

Plaintiffs opposed.  Dkt. No. 38 (Opp. to Great American); Dkt. No. 40 (Opp. to AFG);

Dkt. No. 48 (Opp. to Siwell).  As to all Defendants, Plaintiffs argued, inter alia, that they

improperly relied on unauthenticated or irrelevant documents outside the record, such as

the insurance policy and mortgage.  As to Great American, they asserted that they adequately

pleaded "the existence of a contractual agreement by which [Great American] agreed to . . .

provide insurance coverage" in connection with their properties, which constituted a

"contract[] with plaintiffs"; they detrimentally relied on the promises of Great American and

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 6

other Defendants "in making the decision to insure their properties" and therefore properly

stated claims against Great American. Dkt. No. 38. As to AFG, the FAC adequately pleaded

tortious interference with a business relationship, given the existence of a contract between

Plaintiffs and Great American, which was wholly owned by AFG; they adequately pleaded a

breach of contract claim, as they detrimentally relied on promises by AFG; and veil piercing

was a viable claim against AFG that required discovery.  Dkt. No. 40.  As to Siwell, Plaintiffs

argued that they adequately stated breach of contract and other claims because the FAC

provided that all references to Great American included Siwell as well. Dkt. No. 48.

The Defendants filed Replies. Dkt. No. 51 (Great Am. Reply); Dkt. No. 52 (Siwell

Reply); Dkt. No. 53 (AFG Reply).

In May 2022, Plaintiffs filed a Motion to Enter Scheduling Order.  Dkt. No. 56.  They

stated that they had provided a proposed scheduling order to Great American's counsel in

March 2022. Counsel responded that such a discussion was premature, and asked Plaintiffs

to stay the case until the motions to dismiss were decided. Plaintiffs did not agree and asked

the Court to enter their proposed scheduling order.  *Id*. at 2-6.

In response, each Defendant filed a motion to stay discovery pending a ruling on all

of the motions to dismiss.  In all three motions, the Defendants argued that a stay of discovery

was within the sound discretion of the court, as assessed by a four-pronged test identified

by courts in this Circuit: (1) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party; (2) whether denial of a stay would create a clear case

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 7

of hardship or inequity for the moving party; (3) whether a stay would simplify the issues

and the trial of the case; and (4) whether discovery is complete and/or a trial date has been

set. Dkt. No. 57 at 2-3 (citing *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078 (D.N.J.

Sept. 6, 2013)); Dkt. No. 60 at 2-4; Dkt. No. 67 at 6-8.

      In its motion, Great American argued that: (1) a stay would not unduly prejudice the

Plaintiffs because no amount of discovery would change the fact that there was no

contractual relationship; (2) denial of a stay would create hardship because the nature of

Plaintiffs' claims suggested that they would try to use the case to investigate Great

American's internal business practices, even though the Plaintiffs were not the insureds, and

discovery would be contentious, resulting in motion practice and expense that could be

rendered moot; (3) a stay would simplify the issues because, since there was no contract, a

ruling on the motions to dismiss may result in dismissal of the entire FAC or, at the very least,

would remove Great American; and (4) no discovery had taken place to date.  Dkt. No. 57.

      Similarly, AFG argued that the four stay factors were met: (1) a stay would not

prejudice Plaintiffs who have waited 17 months to commence discovery, demonstrating the

absence of urgency and no undue harm from further delay; (2) denial of a stay would be a

hardship for AFG, since it was not a proper party and Plaintiffs alleged no facts in the five

paragraphs referring to AFG that would warrant piercing the corporate veil; (3) a decision

on the motion to dismiss would simply the issues and eliminate AFG from the suit; and (4)

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 8

no trial has been set and well over a year has passed in which Plaintiffs have done nothing

about discovery, indicating no urgency to proceed.  Dkt. No. 60.

Siwell argued that the FAC was a collection of vague and conclusory statements, the

terms of the underlying mortgage made it clear that the policy was bound for the benefit of

Siwell as mortgage lender to protect its interest if Plaintiffs failed to repay the loan it secured,

and that Great American assessed the loss and paid the proceeds under the forced-place

insurance policy to the insured—Siwell. Dkt. No. 67. As to the four-part test, (1) since

Plaintiffs had not formulated a clear statement of their claims against Siwell, there was no

reason to believe that discovery would assist them in doing so or that a delay would

prejudice them; (2) allowing discovery would create a hardship, given that Plaintiffs made

clear that they intended to engage in a broad investigation of Siwell's business practices,

which would result in expensive and contentious discovery that might later become moot

upon dismissal of claims and defendants; and (3) a stay would simplify issues since if any of

the three motions to dismiss were granted, the case would be simplified. *Id.*

In all three oppositions to the motions to stay, Plaintiffs argued that evaluating the

merits of a motion to dismiss was not proper in the context of a request for a stay, as

discussed by this Court in *Weeks v. Leeward Islands Apothecaries, LLC*, No. 1:09-cv-50, 2010

WL 2160281 (D.V.I. May 26, 2010), which in turn relied on *Gray v. First Winthrop Corp.*, 133

F.R.D. 39, 40 (N.D. Cal. 1990) (a stay of discovery would "require the court to make a

preliminary finding of the likelihood of success on the motion to dismiss. This would

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 9

circumvent the procedures for resolution of such a motion."). Further, Defendants did not

meet their "heavy burden" to show why discovery should be stayed under the four-factor

test. Dkt. No. 72 at 3-7; Dkt. No. 73 at 3-6; Dkt. No. 74 at 3-7. They also argued that a stay

would not lessen issues for trial because discovery responses from each Defendant would be

produced regardless of whether a particular Defendant was dismissed: as a party, it would

be subject to requests for interrogatories and production of documents. But if it were

rendered a non-party, it would be subject to document production and subpoenas under

Rule 45.  Dkt. No. 72 at 10-11; Dkt. No. 73 at 10; Dkt. No. 74 at 11.

With regard to Great American, Plaintiffs maintained that they would be prejudiced

by a stay because the events giving rise to the action occurred nearly five years ago; cases

examining a similar timeframe pointed out the heightened risk of lost evidence or faded

memories. Denial of a stay would not create a hardship for Great American because its

general argument that it was not a proper party did not establish good cause, and this factor

favored the Plaintiffs.  As to the third factor, evaluating the merits of a motion to dismiss was

not proper in the context of a request for a stay, and a magistrate judge may not evaluate a

motion to dismiss. *Id*. at 11-12 (citing inter alia, LRCi 72.1, 28 U.S.C. § 636(b)(1)(A)). As to

the fourth prong, although discovery was incomplete and a trial date had not been set,

balancing all four factors weighed heavily against granting a stay. Dkt. No. 73 at12. In

opposition to AFG's and Siwell's motions to stay, Plaintiffs acknowledged that the fourth

factor weighed in favor of a stay.  Dkt. No. 72 at 11; Dkt. No. 74 at 11.

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 10

Plaintiffs' opposition to AFG's and Siwell's motions to stay, Dkt. Nos. 74 and 72, generally repeat these arguments.  AFG and Siwell filed replies.  Dkt. Nos. 76, 77.

Following a June 23, 2022 conference, the Court ordered the parties to file supplemental briefs addressing the issue of "the authority of the Magistrate Judge to assess the merits of a dispositive motion within his assessment of a motion to stay[.]"  Dkt. No. 84.

In its brief, Great American noted that Magistrate Judges could use their discretion in deciding whether to stay discovery given a pending Rule 12 motion. In this context, a review of the merits of that Rule 12 motion has been described as a "preliminary peek" approach, which involves considering the potential merits of the dispositive motion and assessing the likelihood that the motion be granted. Dkt. No. 85 at 2 (citing cases). This superficial evaluation of the merits—in deciding whether the dispositive motion was "clearly and convincingly meritorious"—proceeded with the understanding that the district judge decides the dispositive motion and may have a different view of the merits; this approach was consistent with Fed. R. Civ. P. 1.  *Id.* at *3.

AFG added that the purpose of the "preliminary peek" was not to make a tentative ruling on the merits but to adequately evaluate the stay factors. Dkt. No. 86 at 3, 5.  While no District of the Virgin Islands case has discussed the "preliminary peek" concept, courts in this District have considered whether a dispositive motion was "without foundation or otherwise frivolous" when considering a stay (citing *Bautista v. United States*, No. 3:21-cv-00018 (D.V.I. May 3, 2022) and *Golden v. Banco Popular de P.R.*, No. 2020-95 (D.V.I. Apr. 22, 2022)). Taking

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 11

a preliminary peek was consistent with the stay test, particularly the third factor calling for whether a stay would simplify the issues and trial of the case. *Id.* at 5. Although Judge Cannon had declined to make a "preliminary finding" on the merits of a motion to dismiss in order to avoid circumventing the procedures for resolving such motions (relying on *Gray v. First Winthrop*), a preliminary peek did not entail an in-depth evaluation of the merits. *Id.* at 6.

Siwell pointed out that in *Belardo v. Bank of Nova Scotia*, No. 1:18-cv-00008 (D.V.I. Nov. 15, 2021), Judge Cannon stayed discovery based in part on a finding that the motion to dismiss "does not appear to be without foundation in law." Dkt. No. 87 at 2. No blanket rule required a court to ignore the merits of pending motions to dismiss when ruling on motions to stay, and cases from other circuits permitting a "preliminary peek" allowed such review. *Id.* at 2-3. Nothing about the kind of cursory "preliminary peek" review infringed on the district court's prerogatives to grant or deny the dispositive motion. *Id.* at 4-6.

In their Supplemental Brief, Plaintiffs reiterated that the Court should not evaluate the merits of Defendants' motions to dismiss when determining whether to stay discovery because it would circumvent the process outlined by the Federal Rules and the magistrate judge's limited authority under the federal statute, citing *Weeks*. Dkt. No. 88 at 1-3. They pointed to Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 106-07 (Spring 2012), positing that a magistrate judge can only take a preliminary peek if the parties have consented to a magistrate judge deciding their case. A magistrate should not prejudge a

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 12

motion to dismiss which would diminish the possibility that magistrate and district judges would evaluate the dispositive motion differently. *Id.* at 4. No Third Circuit authority required a court to take a "preliminary peek" at the merits of a motion to dismiss. *Id.* at 5-6.

## DISCUSSION

### I.      Applicable Legal Principles

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).

It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)).  That discretion extends to decisions by U.S. Magistrate Judges. *See Harman v.*

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 13

*Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery pending review of motions to dismiss the complaint); *see also Gibly v. Best Buy Co.,* 2022 WL 2413906, at *2 (D.N.J. Mar. 7, 2022) ("'Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.'") (quoting *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)).

Still, motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.,* 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (internal quotation marks omitted). In addition, a stay of discovery "is not appropriate solely because a motion to dismiss is pending." *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal quotation marks omitted); *see also* LRCi 26.6 (discovery not automatically stayed upon filing of a Rule 12 motion to dismiss).

In this Circuit, when deciding whether to exercise discretion to grant a stay of discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 14

*Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (internal quotation marks omitted); *see also Vitalis v. Crowley Caribbean Servs., LLC*, No. 20-cv-00020, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021).

In numerous districts, magistrate judges have adopted a "preliminary peek" approach in deciding whether to stay a case pending resolution of a dispositive motion. This involves a consideration of the potential merits of the dispositive motion and an assessment of whether the motion to dismiss is likely to be granted. The articulation of the standard applied by courts is not consistent, but courts have consistently set a high bar for a preliminary peek's appraisal of the merits of a motion to dismiss. *See, e.g., Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011) (while a preliminary peek at the merits of a motion to dismiss is proper, a stay of discovery should be ordered only if the court is "convinced" that a plaintiff will be unable to state a claim for relief); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.,* 2007 WL 1146607, at *2, 4 (E.D. Cal. Apr. 19, 2007) (taking a "peek" at the motion to dismiss to assess whether the defendant has made a "clear and convincing showing" that it will prevail on the merits of the dispositive motion); *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (explaining that while it is not necessary to decide the motion to dismiss to determine the motion to stay discovery, "it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive"). At least two courts in this Circuit have adopted a "preliminary peek" or "preliminary look" approach. *Galarza v. Whittle-Kinard*,

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 15

2017 WL 2198182, at *3 (D.N.J. May 18, 2017); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, 2015 WL 5732129, at *2 (W.D. Pa. Sept. 30, 2015).[2] Other courts have engaged in a preliminary examination of the dispositive motion's merits, but describe their approach as determining whether the motion '"appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *Victor v. C.O. Huber*, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012) (adopting approach set out in *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). *Victor*'s standard has been relied upon by other courts in this circuit. *See, e.g., Acetelion Pharms., Ltd.*, 2013 WL 5524078, at *3; *Bautista*, No. 3:21-cv-00018 (D.V.I. May 3, 2022) (although omitting "appears to have substantial grounds").

It is unclear to this Court how a magistrate judge could evaluate the third prong of the stay test—whether a stay would simplify the issues—without assessing in *some* way the merits of the motion to dismiss. A brief assessment of the merits would provide a basis for evaluating the propriety of a stay and determining whether the issues would likely be

---

[2] Some courts have commented that taking a "preliminary peek" and superficially evaluating a pending dispositive motion could put the magistrate judge in an awkward position, where the district judge may take a different view of the merits than the magistrate judge. *See Mlejnecky v. Olympus Imaging Am., Inc.,* 2011 WL 489743, at *8 (E.D. Cal. Feb. 7, 2011) (recognizing the "awkward nature" of the preliminary peek review procedure but emphasizing that the magistrate judge deciding the motion to stay is *not* the judge who will hear and resolve the defendant's motion to dismiss). However, magistrate judges often make preliminary assessments of cases through reports and recommendations, with which district judges agree or disagree. "Awkwardness" in the preliminary peek context would be no different than "awkwardness" in other contexts where two judges may disagree.

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 16

simplified—i.e., by eliminating a particular issue or even a defendant from the case. Such a

preliminary review would not impose on the District Judge's prerogative to ultimately decide

the motion to dismiss. As numerous courts have found, this kind of preliminary review is

appropriate and consistent with Fed. R. Civ. P. 1 when deciding whether to stay discovery in

light of a pending dispositive motion.

> The district judge will decide the dispositive motion and may have a
> different view of the merits of the underlying motion. Thus, this court's
> "preliminary peek" at the merits of the underlying motion is not intended
> to prejudge its outcome. Rather, this court's role is to evaluate the
> propriety of an order staying or limiting discovery with the goal of
> accomplishing the objectives of Rule 1.[3] With Rule 1 as its prime directive,
> this court must decide whether it is more just to speed the parties along in
> discovery and other proceedings while a dispositive motion is pending, or
> whether it is more just to delay or limit discovery and other proceedings
> to accomplish the inexpensive determination of the case.

*Tradebay, LLC*, 278 F.R.D. at 603.

Therefore, in assessing the third prong, this Court will follow the preliminary peek

cases that conclude a stay is warranted only when the defendant makes a "clear and

convincing" showing that the motion to dismiss will likely be granted.[4] In the Court's view,

---

[3] Fed. R. Civ. P. 1 provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

[4] A panel of the Third Circuit has described the "clear and convincing" standard as "a more stringent standard than proof by a preponderance of the evidence." *United States v. Askari*, 222 F. App'x 115, 119 (3d Cir. 2007) (citing *United States v. Brennan*, 326 F.3d 176, 200 n.7 (3d Cir. 2003)). The Third Circuit has approved definitions of clear and convincing evidence as evidence "which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue"; and "evidence sufficient to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 17

this concise articulation emphasizes the high bar a movant needs to overcome in order for its stay motion to be successful. *See Warden v. Tschetter Sultzer, P.C.*, 2022 WL 1487576, at *4-5 (D. Colo. May 11, 2022). It strikes an appropriate balance where a lesser standard would encourage blanket discovery stays where stays may not be warranted, and where a stricter standard would unnecessarily task the parties with discovery that would probably not be necessary. It is also consistent with the "substantial grounds" articulation used by other courts in this Circuit. [5]

Having determined that a Magistrate Judge has the authority to take a preliminary peek when assessing a motion for stay of discovery, using the clear and convincing standard, the Court will now assess the four factors.

### A. Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party

___

the precise facts in issue . . . . It is not necessary that the evidence be uncontradicted . . . provided it carries conviction to the mind or carries a clear conviction of its truth[.]" *Id.* (internal quotation marks and alterations omitted).

[5] The Court declines to follow the line of cases in this District that relied on *Gray v. First Winthrop Corp.,* a 32-year-old case where the district court opined that, if the federal rules had contemplated that a motion to dismiss would stay discovery, they would have contained a provision to that effect. 133 F.R.D. at 40. That view is out of step with the current legal landscape that permits magistrate judges to address such motions. *Gray's* second argument—that a preliminary assessment of the likelihood of success on the motion to dismiss would circumvent the procedures for resolution of such a motion—is also infirm, as such an assessment by a magistrate judge does not preempt the district judge's sole prerogative to dispense with such a motion. *Id. Gray* itself acknowledged that a stay might be appropriate where a complaint was "utterly frivolous or filed merely in order to conduct a fishing expedition or for settlement value." *Id.* (internal quotation marks omitted).

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 18

Defendants argue that the first factor weighs in their favor because (a) no amount of discovery will change the fact there is no contractual relationship between Great American and Plaintiffs; (b) Plaintiffs waited 17 months to commence discovery, undercutting their claims of urgency; and (c) Plaintiffs have not formulated a clear statement of their claims against Sidwell, and discovery would not help that process.  Plaintiffs assert that the first factor weighs in their favor because the events giving rise to the action occurred nearly five years ago, and cases examining a similar timeframe point out the heightened risk of lost evidence or faded memories due to delay.

This factor weighs heavily in Defendants' favor. The hurricane that caused the damage at issue occurred in September 2017.  Plaintiffs waited until September 2019, to file their lawsuit, and filed an amended complaint additionally naming AFG and Siwell in July 2020, almost three years after the damage occurred.  While they cite cases standing for the proposition that a delay in discovery can be prejudicial to plaintiffs because memories fade and evidence can be lost, the fact is that the claims in this matter, based in large part on breach of contract, are document-based, thereby minimizing reliance on memories or other evidence. A delay in resolving the Defendants' dispositive motions does not, without more, establish that undue prejudice will result from issuing a stay. *Actelion Pharms., Ltd.*, 2013 WL 5524078, at *4. To the extent Plaintiffs raised fraudulent misrepresentation claims, they would know what the misrepresentations would have been in order to state a claim.  But the complaint does not specify such statements, and it is unlikely that discovery would reveal

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 19

them. *See Justiano v. G4S Secure Solutions, Inc.*, 291 F.R.D. 80, 83 (D.N.J. 2013) ("Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet pleaded."). While discovery is the responsibility of both parties, Plaintiffs did not move for a Rule 16 conference until March 2022, two and a half years after filing their complaint. This undercuts their argument that they would be prejudiced by a stay.

### B.  Whether Denial of A Stay Would Create A Clear Case Of Hardship Or Inequity For The Moving Party

The Defendants contend that permitting discovery to go forward would cause them hardship because the nature of Plaintiffs' claims suggest that they would try to use the case as a forum to investigate Defendants' internal business practices, even though the Plaintiffs are not the insureds, and the FAC's allegations ensure that discovery would be contentious, resulting in expensive motion practice that could be rendered moot if the complaint is dismissed. Plaintiffs respond that denial of a stay would not create a hardship for Great American because it broadly alleged harm and AFG argued only that it was not a proper party, and such general argument does not establish good cause or that Defendants would suffer harm. *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

This factor also supports a stay.  Plaintiffs' Motion to Enter Scheduling Order indicates that they plan to conduct discovery not only on the core issues of the damages they sustained (including medical expenses and disabilities for loss of earning capacity—which were not mentioned in the FAC), Dkt. No. 56, but also on "the facts underlying Plaintiffs' claims as described in the Complaint"—which raised, inter alia, charging "exorbitant rates to the

Plaintiffs and other customers," Dkt. No. 12 ¶ 18, where they seek an order that Defendants "create and maintain procedures to address and review consumers' activities for entitlement to redress, relating to the issues and/or the concerns raised by such consumers or otherwise found to exist," *id.* ¶ 47. This indicates that Plaintiffs seek discovery beyond their particular damages, broadening the issues to damages affecting all of Defendants' customers. While "defendants are always burdened when they are sued, and the ordinary burdens associated with litigating a case do[] not constitute undue burdens," *Warden*, 2022 WL 1487576, at *5 (internal quotation marks, alterations, and citations omitted), the discovery contemplated here appears to be broader and more extensive. Added to the burden of this kind of wide-ranging discovery is the point that, if the Court concludes that the defendants have made a "clear and convincing showing" that the motion to dismiss would be granted, it would be unfair to subject Defendants to such broad discovery.

### C.   Whether a Stay Would Simplify the Issues and the Trial of the Case

Defendants argue that this factor weighs in favor of a stay because Plaintiffs failed to allege any facts to support the existence of any contract or resulting duties, which constitute Plaintiffs' core claims: Plaintiffs are not insureds under the Great American insurance policy with Siwell.  Dkt. 57 at 6. Thus, a ruling on the Rule 12 motions may result in the dismissal of the claims against individual Defendants, if not the entire FAC.  Dkt. 57 at 6; Dkt. No. 60 at 5; Dkt. No. 67 at 9. Plaintiffs contend that American General's argument that there is no contractual/legal relationship between Plaintiffs and Great American, or AFG's argument

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 21

that it is not a proper party because the corporate veil has not been pierced, go to the merits of the motion to dismiss, which should not be assessed in a motion to stay discovery. Dkt. 73 at 10, Dkt. No. 74 at 10. Further, each party will have to produce discovery regardless of whether it is dismissed, as it will be subject to requests for interrogatories, demands for production, and depositions by subpoena. Dkt. No. 72 at 10-11, Dkt. 73 at 10-11, Dkt. No. 74 at 11. The Court has dispensed with Plaintiffs' argument, *supra*, that it may not assess the merits of the motions to dismiss and concludes that it may do so in a preliminary manner. In doing so, the Court concludes that this factor weighs heavily in favor of a stay.

The FAC seeks damages against the Defendants based, inter alia, on allegations that they owed Plaintiffs various duties arising out of the Master Policy insurance contract that covered damage to their property. They assert that, following Hurricane Maria, Great American and Siwell failed to timely send qualified adjusters to inspect the damage and refused to undertake a complete inspection and assessment of damage. Siwell accepted some money but did not advise Plaintiffs of the offer or amount. Dkt. No. 12-1 ¶¶ 6, 8, 11, 14, 15. Curiously, however, the FAC did not attach a copy of the insurance contract. Great American attached the contract—which provided significant insight into the relationship between Plaintiffs and Defendants—to its motion to dismiss.[6] That policy issued by Great American

---

[6] It is well settled that documents attached to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) are considered part of the pleadings if they are referred to in the complaint and are central to the claims. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see also id.* ("[I]t is not unfair to hold a plaintiff accountable for the content of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint."). That is certainly the case with the Master Insurance Policy. The court may also consider

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 22

showed that Siwell Inc. d/b/a Capital Mortgage Services was the insured, not Plaintiffs, Dkt.

No. 29-1 at 2; *see also id.* at 4 ("The mortgagor is not a Named Insured under this policy.");

*id.* at 1 (policy cover letter enclosing the insurance policy, with a 12/17/16 effective date,

and providing that it was a "notice of lender placed homeowners (hazard) coverage"; that

Siwell had "purchased in accordance with your loan agreement" and that the insurance

policy "only protects Capital Mortgage Services and not you," stated in three places). While

Plaintiffs allege in their FAC that they were "third party beneficiaries of the insurance

contract," Dkt. No. 12-1 ¶ 7, that legal conclusion is not supported by any facts and is certainly

not supported by the text of the insurance policy. Thus, with no legal or contractual

relationship between Plaintiffs and Great American, the contract-based claims Plaintiffs

alleged against Great American would be ripe for dismissal.  If any non-contract-based claims

are left against Great American, the district court may well find the allegations fail to state

claims, as the factual allegations are vague, state legal conclusions, or are alleged "upon

information and belief." Therefore, Great American has made a clear and convincing showing

that its motion to dismiss will likely be granted, which would significantly simplify, if not

eliminate, the claims in this action against it.

---

matters of public record attached to the defendants' motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). That is the case with the mortgage between Plaintiffs and Siwell. The Court therefore rejects Plaintiffs' argument that the Court should not consider these documents. They are relevant and do not need to be "authenticated" as authentication is necessary only on a motion for summary judgment. *Countryside Oil Co., Inc. v. Travelers Ins. Co.*, 928 F. Supp. 474, 482 (D.N.J. 1995).

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 23

Similarly, Plaintiffs' allegations against AFG are that it owns Great American, and that its employees and officers had reason to know that Plaintiffs were being damaged by the "misconduct alleged" and interfered with Plaintiffs' rights and reasonable expectations under the policy. *Id.* ¶¶ 5, 20, 51. The FAC provides no facts to support these contentions against AFG. In addition, the insurance policy shows no business relationship between Great American and Plaintiffs, so there can be no business relationship in which AFG could have interfered. Therefore, AFG has also made a clear and convincing showing that its motion to dismiss will likely be granted, which would simplify (or eliminate) the claims against it.

Finally, the claims against Siwell are based on the unexplained allegation that Great American's policy that purportedly protected Plaintiffs' property was "provided . . . through Siwell," Dkt. No. 12-1 ¶ 6, and that Siwell and Great American failed to send qualified adjusters to inspect the damage to their property, resulting in damages, that Siwell accepted an insurance offer without advising Plaintiffs, and conspired with Great American to charge exorbitant premiums. *Id.* ¶¶ 9, 14, 15 18. But here too, the FAC does not describe the source of Siwell's legal obligation to Plaintiffs or the parameters of that purported obligation. Without a contract between Plaintiffs and Siwell, Plaintiffs cannot recover for breach of contract or any other contract-based cause of action. As a result, Siwell has made a clear and convincing showing that its motion to dismiss will likely be granted. And if Siwell were dismissed and other parties were not, it would have greater protections if it were required to respond to a discovery subpoena under Rule 45. *See* Dkt. No. 77 at 4.

*Ainger v. Great American Assurance Co.*
1:20-cv-00005-WAL-EAH
Order Staying Case
Page 24

### D.  Whether Discovery is Complete and/or a Trial Date Has Been Set

The Court has not issued a Rule 16 Order.  Plaintiffs acknowledge, as they must, that this factor weighs in favor of a stay.  Dkt. No. 73 at 11., Dkt. No. 74 at 11.  The Court so finds.

### CONCLUSION

In sum, each of the four factors weigh in favor of granting a stay of discovery, with most of the factors weighing significantly in that direction. The Court therefore concludes that a stay of discovery is warranted pending the district court's resolution of the Defendants' motions to dismiss. Accordingly, it is hereby **ORDERED**:

1.    Defendant Great American Assurance Company's Motion for Stay of Discovery Pending a Ruling on Motions by All Defendants to Dismiss the First Amended Complaint (Dkt. No. 57) is **GRANTED**.

2.    Defendant American Financial Group, Inc.'s Motion to Stay Discovery (Dkt. No. 60) is **GRANTED**.

3.    Defendant Siwell's Motion for a Stay of Discovery Pending a Ruling on Motions by All Defendants to Dismiss the First Amended Complaint (Dkt. No. 67) is **GRANTED**.

4.    Plaintiffs' Motion to Enter Scheduling Order, Dkt. No. 56, is **DENIED**.

ENTER:

Dated: August 4, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE