## UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## FOR THE DISTRICT OF ST. CROIX

THOMAS A. AINGER and ELIZABETH A. KLIESCH )))

        Plaintiffs,           )    CASE NO. 20-CV-05

   v.

GREAT AMERICAN ASSURANCE CO., SIWELL, INC., AMERICAN FINANCIAL GROUP, and DOES 1-9
        Defendants.

(V.I. Super. Ct. St. Croix Civ. No. STX-19-cv-471)

## ANSWER

**COMES NOW,** Defendant **GREAT AMERICAN ASSURANCE COMPANY ("Great American"),** by and through their undersigned counsel, submits this Answer to the First Amended Complaint of Plaintiffs **THOMAS AINGER and ELIZABETH A. KLIESCH:**

1. Admitted.

2. Admitted.

3. Defendant Great American is without sufficient information to admit or deny this allegation.

4. Defendant Great American is without sufficient information to admit or deny this allegation.

5. No response is required to the allegations in paragraph 5, because all claims against American Financial Group were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **2** of **13**

6. Denied as stated. Defendant Great American is without sufficient information to admit or deny the allegations about Plaintiffs' ownership of the properties at issue. Defendant Great American sold Master Policy Number 4091391 to Defendant Siwell Inc d/b/a Capital Mortgage Services of Texas ("Siwell"). The Master Policy is a contract between Great American and Siwell. It provides Siwell with Mortgage Protection Insurance covering its interest as mortgagee in certain mortgaged properties. Siwell is the sole named insured under the Master Policy.

7. Denied.  Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American, and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about interactions between Plaintiffs and Siwell.

8. Denied.

9. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about interactions between Plaintiffs and Siwell.

10. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about interactions between Plaintiffs and Siwell or other third parties.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **3** of **13**

11. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

12. Denied as to Defendant Great American. Further, this paragraph contains allegations that relate to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022 to which no response is required.

13. Denied.

14. This allegation is not made against Defendant Great American, therefore Defendant is not required to respond and is also without sufficient information to admit or deny this allegation.

15. This allegation is not made against Defendant Great American, therefore Defendant is not required to respond and is also without sufficient information to admit or deny this allegation.

16. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

17. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **4** of **13**

not pay  any premiums to Great American and have no interests under the Master Policy.

18. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy.

19. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

20. Denied.

21. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 20 as though fully set forth herein.

22. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

23. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **5** of **13**

Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

24. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

25. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

26. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 25 as though fully set forth herein.

27. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.  Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required. .

28. Defendant Great American re-alleges and incorporates its Reponses to every allegation set forth in Paragraphs 1 through 27 as though fully set forth herein.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **6** of **13**

29. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.  Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

30. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs own actions or failures to act.  Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

31. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

32. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 31 as though fully set forth herein.

33. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay  any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations

about Plaintiffs' own actions or failures to act.   Further, this paragraph contains

allegations relating to claims that were dismissed by the Court pursuant to the Court's

Memorandum Opinion dated September 22, 2022, to which no response is required.

34. Denied. Plaintiffs do not have any contractual relationship with Defendant Great

American, were not named insureds under any policy issued by Great American, did

not pay  any premiums to Great American and have no interests under the Master

Policy. Defendant is without sufficient information to admit or deny the allegations

about Plaintiffs' own actions or failures to act.  Further, this this paragraph contains

allegations relating to claims that were dismissed by the Court pursuant to the Court's

Memorandum Opinion dated September 22, 2022, to which no response is required.

35. Denied. Plaintiffs do not have any contractual relationship with Defendant Great

American, were not named insureds under any policy issued by Great American, did

not pay  any premiums to Great American and have no interests under the Master

Policy. Defendant is without sufficient information to admit or deny the allegations

about Plaintiffs' own actions or failures to act.  Further, this paragraph contains

allegations relating to claims that were dismissed by the Court pursuant to the Court's

Memorandum Opinion dated September 22, 2022, to which no response is required.

36. Defendant Great American re-alleges and incorporates its responses every allegation

set forth in Paragraphs 1 through 35 as though fully set forth herein.

37. Denied as to Great American. Further, this paragraph contains allegations relating to

claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion

dated September 22, 2022, to which no response is required.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **8** of **13**

38. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

39. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

40. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

41. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 40 as though fully set forth herein.

42. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

43. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

44. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

45. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 44 as though fully set forth herein.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **9** of **13**

46. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

47. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

48. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

49. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 48 as though fully set forth herein.

50. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

51. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

52. Denied. Further, this allegation was dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022.

53. Denied as to Great American. Further, this paragraph contains allegations relating to claims that were dismissed by the Court pursuant to the Court's Memorandum Opinion dated September 22, 2022, to which no response is required.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **10** of **13**

54. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 53 as though fully set forth herein.

55. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

56. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

57. Denied. Plaintiffs do not have any contractual relationship with Defendant Great American, were not named insureds under any policy issued by Great American, did not pay any premiums to Great American and have no interests under the Master Policy. Defendant is without sufficient information to admit or deny the allegations about Plaintiffs' own actions or failures to act.

58. Denied.

59. Denied.

60. Defendant Great American re-alleges and incorporates its responses to every allegation set forth in Paragraphs 1 through 59 as though fully set forth herein.

61. Denied.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **11** of **13**

62. This allegation is not made against Great American, therefore no response is required. Moreover, Defendant Great American is without sufficient information to admit or deny this allegation. To the extent that any allegation in this paragraph relates to Defendant Great American, it is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Great American Assurance Company upon which relief can be granted.

2. There is no contractual relationship, express or implied, oral or written, between Defendant Great American Assurance Company and the Plaintiffs.

3. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

4. Plaintiffs' claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

5. The claims that Plaintiffs attempt to assert are barred by the applicable statute of limitations.

6. The damages alleged in the Complaint, if any exist, are the result of the negligence of the Plaintiffs.

7. The damages alleged in the Complaint, if any exist, are the result of the Plaintiffs' own actions, and/or failures to act.

8. The damages alleged in the Complaint, if any exist, were caused by the actions or failures to act by third parties whose identities are unknown to Defendants.

9. Plaintiffs are comparatively negligent in this action.

10. Plaintiffs committed fraud.

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **12** of **13**

11. Plaintiffs failed to mitigate their damages.

12. Plaintiffs' claims are barred by the Statute of Frauds.

13. Plaintiffs' claims are barred in whole or in part because they breached obligations owed

    to Defendant Siwell under the mortgage documents.

14. Defendants Great American Assurance Company reserves the right to add affirmative

    defenses as discovery proceeds.

Dated: December 15, 2022                     Respectfully submitted,

                                             **DUDLEY RICH LLP**

                                             /s/ *Carol Ann Rich*
                                             Carol Ann Rich V.I. Bar No. 171
                                             Malorie Winne Diaz, V.I. Bar No. R2049
                                             5194 Dronningens Gade, Suite 3
                                             St. Thomas, VI 00802
                                             Telephone :( 340)776-7474
                                             Telecopier: (340) 776-8044
                                             Email: crich@dudleylaw.com
                                             Email:mdiaz@dudleylaw.com

                                             *Attorneys for Defendant Great American Assurance Co.*

Ainger and Kliesch v. Great American Assurance Company
Case No. 1:20-CV-00005
Defendant Great American Assurance Company's Answer
Page **13** of **13**

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2022, I caused a true and exact copy of the foregoing **ANSWER of Great American Assurance Company** to be electronically filed the with the Clerk of the Court using CM/EFC system, which will send a notification of such (NEF) to:

Lee J. Rohn, Esq.
1108 King Street, Suite 3
56 King Street, Third Floor
St. Croix, VI 00820
Email:  lee@rohnlaw.com

J. Daryl Dodson, Esq.
Moore, Dodson & Russell, P.C.
P.O. Box 310
5035 Norre Gade, Suite 201
St. Thomas, VI 00804
Email:  daryl@mdrvi.com

Richard H. Dollison, Esq.
Law Offices of Richard H. Dollison, P.C.
5143 Palm Passage, Suite B28/29
P.O. Box 6135
St. Thomas, U.S. Virgin Islands 00804-6135
Email:  rhd@rdollisonlaw.com

_____/s/ *Carol Ann Rich*_____